**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SUSIE M. POINDEXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1392 (RLW) |
| | ) | |
| WACHOVIA MORTGAGE CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendant Chase Title, Inc., ECF No. 52 [hereinafter Mot.]. In her amended complaint, Plaintiff alleges that she was fraudulently induced to refinance her mortgage with a loan that contained payment terms she could not meet. *See* 1st Am. Verified Compl., ECF No. 19. Against Chase Title, Inc. ("Chase"), Plaintiff alleges a common-law claim of unconscionability, *id.* ¶¶ 81–84, and a claim for violation of the D.C. Consumer Protection Procedures Act, *id.* ¶¶ 109–16.

The U.S. Marshals Service served a copy of the amended complaint on Chase's registered agent, National Registered Agents, in August 2010. Process Receipt and Return, ECF No. 33 at 2. Chase answered the amended complaint through counsel in December 2010. *See* Ans. of Def., Chase Title, Inc., to 1st Am. Verified Compl., ECF No. 34. In April 2011, Chase's counsel moved to withdraw. *See* Mot. to Withdraw as Counsel for Def. Chase Title, Inc., Pursuant to LCvR 83.6(c), ECF No. 39. On May 31, 2011, the Court granted that motion, which was not opposed by any party and which was not responded to by Chase itself, as conceded. Order, ECF No. 43. At that moment, Chase became unrepresented by counsel.

A corporation may not proceed pro se in a civil action. 28 U.S.C. § 1654; *see United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244 (9th Cir. 1993). The Court warned Chase of that fact several times, through several orders sent to several addresses where Chase might have been found, giving Chase ample time and opportunity to secure counsel to represent it in this case. *See* Order, ECF No. 43; Order, ECF No. 46. The final deadline by which Chase was to have secured counsel was August 29, 2011. Order at 2, ECF No. 46; Fed. R. Civ. P. 6(d). To date, since Chase's original counsel withdrew, no counsel has entered an appearance in this case on behalf of Chase and Chase has not responded in any way to any of the Court's orders. By failing to secure counsel, Chase has failed to defend itself in this case. The Clerk of the Court therefore properly entered Chase's default on September 29, 2011. Default, ECF No. 51; *see* Fed. R. Civ. P. 55(a).

Plaintiff now moves for judgment on that default and requests an *ex parte* hearing on damages at the time of trial. *See* Mot. Pursuant to Federal Rule of Civil Procedure 55(b)(2), that motion will be granted. This default judgment may be amended upon an appropriate showing by Plaintiff regarding the amount of damages, whereupon final judgment will be entered.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant Chase Title, Inc., ECF No. 52, is **GRANTED**; and it is

**FURTHER ORDERED** that default judgment is entered against Chase Title, Inc.

**SO ORDERED** this 8th day of November, 2011.

Judge Robert L. Wilkins

Digitally signed by Judge Robert L. Wilkins
DN: cn=Judge Robert L. Wilkins, o=U.S. District Court, ou=Chambers of Honorable Robert L. Wilkins, email=RW@dc.uscourt.gov, c=US
Date: 2011.11.08 11:09:36 -05'00'

ROBERT L. WIKLINS
United States District Judge